**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

LAWRENCE D. GUESSFORD, JR.,   )
                                   )
        Plaintiff,     )
                                   )
  v.                            )          1:12CV260
                                   )
PENNSYLVANIA NATIONAL MUTUAL   )
CASUALTY INSURANCE COMPANY,    )
                                   )
        Defendant.     )

**MEMORANDUM OPINION AND ORDER**

This case comes before the undersigned United States Magistrate Judge on Defendant's Motion to Reconsider (Docket Entry 114), which seeks reconsideration of the "Order entered on May 21, 2010 [(Docket Entry 101)], denying Defendant's Motion for a Protective Order [(Docket Entry 25)] and recommending imposition of sanctions in the form of cost shifting in response to Plaintiff's Motion for Sanctions [(Docket Entry 63)] and Plaintiff's Renewed Motion for Sanctions [(Docket Entry 90)], as more specifically stated in [Defendant's] Memorandum in Support of [said] Motion [(Docket Entry 115)]." (Docket Entry 114 at 1). For the reasons that follow, Defendant's instant Motion will be denied.

I. BACKGROUND

This case arises from Plaintiff's First Amended Complaint, which alleges, in pertinent part, that Defendant violated North Carolina's Unfair and Deceptive Trade Practices Act ("UDTPA"), N.C. Gen. Stat. § 75-1.1, and committed the North Carolina tort of bad

faith refusal to settle, in connection with an under-insured motorist claim Plaintiff made upon Defendant, an insurer. (See Docket Entry 18, ¶¶ 53-69; see also Docket Entry 51 at 7-22, 28 (granting Defendant judgment on the pleadings as to Plaintiff's breach of contract claim, but permitting UDTPA and bad faith claims to proceed).) Shortly after discovery began, Plaintiff filed his First Motion to Compel (Docket Entry 22), whereupon Defendant filed a Motion for Protective Order (Docket Entry 25), along with a certification (pursuant to this Court's Local Rule 37.1(b)) that the Parties agreed to present that matter at a one-hour hearing without briefing (id. at 1). Subsequently, in responding to Plaintiff's First Motion to Compel, Defendant stated that it "has been willing to provide (and now has provided) almost all of the documents in [its] claim file [regarding Plaintiff] and in the [related] file of [the outside attorneys upon whom it relied for an advice of counsel defense], subject to an appropriate [p]rotective [o]rder for those documents that are confidential or are proprietary in nature." (Docket Entry 30 at 3.) Defendant further reported that it "produced to Plaintiff responsive claims manuals in confidence until this Court enters its [o]rder with respect to [Defendant's] Motion for Protective Order." (Id. at 16.)

As to the protective order issue, Defendant asserted that it "has a proprietary interest in the contested documents [from its claim file regarding Plaintiff, the related file of its attorneys,

and its claims manual-type materials]." (Id. at 8.) To support that assertion, Defendant cited an affidavit of an attorney in its employ. (Id. (citing Docket Entry 30-17).) Plaintiff responded with a filing asserting that "the subject documents do not qualify for protection under Rule 26" (Docket Entry 32 at 1) and confirming that the Parties had agreed to submit the matter via a one-hour hearing without briefing (id. at 2). In addition, with the Court's permission (see Text Order dated Aug. 27, 2012), Plaintiff filed under seal examples of the documents for which Defendant sought protection (see Docket Entries 36-1, 36-2, 36-3).

The undersigned Magistrate Judge subsequently held a hearing on Defendant's Motion for Protective Order at which counsel for the Parties made argument, submitted for inspection under seal a copy of all the documents which Defendant sought to protect, and agreed to provide under seal deposition materials cited at the hearing. (See Docket Entry dated Nov. 16, 2012.) Defendant thereafter filed under seal transcript pages from the deposition of a former employee and a related exhibit. (Docket Entries 42, 42-1, 42-2, 42-3.) The Court (per the undersigned Magistrate Judge) also deemed moot Plaintiff's First Motion to Compel because, "at th[e] hearing, the parties agreed that Defendant had produced documents under a temporary agreement contingent on the resolution by the Court of [the] Motion for Protective Order by Defendant . . . ." (Text Order dated Nov. 18, 2012.)

A short time later, Plaintiff filed his Second Motion to Compel (Docket Entry 47), "seek[ing] responses to [eight] requests for production . . . which seek information about whether Defendant's management instructed or motivated its claims department employees to mishandle its insureds' first-party claims for underinsured motorist benefits, especially through delay, undervaluation, or failure to communicate" (id. at 2). Plaintiff further stated that "[t]he [P]arties agree that this matter can be ruled upon in an in-court hearing of no more than one hour, without briefing." (Id. at 12.)[1] The undersigned Magistrate Judge later held a hearing, at which Plaintiff's Second Motion to Compel was granted in part. (See Docket Entry dated Mar. 15, 2013.)

Plaintiff subsequently filed a Motion for Sanctions (Docket Entry 63) and related brief (Docket Entry 64). Defendant responded in opposition (Docket Entry 68) and Plaintiff replied (Docket Entry 72). The undersigned Magistrate Judge then held another hearing and, inter alia, deferred action on Plaintiff's request for sanctions to afford Defendant an opportunity to assess whether it should make a further production. (See Docket Entry dated May 3, 2013.) Ultimately, Defendant made a further production. (See Docket Entry 76.) After receiving Defendant's further production,

---

[1] Despite acknowledging that agreement (see Docket Entry 50 at 11), Defendant filed a brief (see id. at 1-11). The undersigned Magistrate Judge did not consider that brief in advance of the hearing, but permitted Defendant to make argument and to cite authority at the hearing.

-4-

Plaintiff filed a Renewed Motion for Sanctions. (Docket Entry 90.) The undersigned Magistrate Judge thereafter entered the Memorandum Opinion, Order, and Recommendation (Docket Entry 101), as to which (in part) Defendant seeks reconsideration via its instant Motion.

## II. DISCUSSION

Defendant's brief in support of its instant Motion asks the undersigned Magistrate Judge:

1. To modify the Memorandum Opinion, Order and Recommendation of United States Magistrate Judge to grant [Defendant's] Motion for Protective Order, at least as to [its] Litigation Manual, Core Skills Manual, Fraud Investigation Manual, Quality Assurance Standards, including all incorporated forms . . . and

2. [To modify the Memorandum Opinion, Order and Recommendation of United States Magistrate Judge such that it does not] recommend [any] sanctions against [Defendant related to Plaintiff's Motion for Sanctions and Renewed Motion for Sanctions].

(Docket Entry 115 at 2.)

As authority for such action, said brief cites Federal Rule of Civil Procedure 54(b). (Id. at 1, 2.) Said Rule states that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all of the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b) (emphasis added). Federal Rule of Civil Procedure 54(b) thus allows the Court to "revisit interlocutory orders at any time prior to final judgment . . . when

-5-

justice requires it, but [such action] is discretionary . . . ." United States v. Duke Energy Corp., 218 F.R.D. 468, 473-74 (M.D.N.C. 2003) (Eliason, M.J.).

In that regard, although "the standards governing reconsideration of final judgments under Fed[eral] R[ule of] Civ[il] P[rocedure] 59(e) do not limit a court's authority to reconsider an interlocutory decision, courts in the Fourth Circuit have routinely looked to those factors as a starting point in guiding their discretion under Fed[eral] R[ule of] Civ[il] P[rocedure] 54(b)." Volumetrics Med. Imaging, LLC v. Toshiba Am. Med. Sys. Inc., No. 1:05CV955, 2011 WL 6934696, at *2 (M.D.N.C. Dec. 30, 2011) (unpublished) (internal citations omitted). Those factors permit reconsideration: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available [earlier]; or (3) to correct a clear error of law or prevent manifest injustice." Pacific Ins. Co. v. American Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). Additionally, in the context of reconsideration of interlocutory orders under Federal Rule of Civil Procedure 54(b), this Court "previously has declared that '[a] motion to reconsider is appropriate when the court has obviously misapprehended a party's position or the facts or applicable law, or when the party produces new evidence that could not have been obtained through the exercise of due

diligence.'" Volumetrics Med. Imaging, 2011 WL 6934696, at *2 (quoting Duke Energy, 218 F.R.D. at 474).

"Conversely, 'a motion to reconsider [under Federal Rule of Civil Procedure 54(b)] is not proper where it only asks the Court to rethink its prior decision, or presents a better or more compelling argument that the party [previously] could have presented . . . .'" Id. (quoting Hinton v. Henderson, No. 3:10cv505, 2011 WL 2142799, at *1 (W.D.N.C. May 31, 2011) (unpublished) (internal citations and quotation marks omitted)). This approach makes sense not only because "[t]he limited use of a motion to reconsider serves to ensure that parties are thorough and accurate in their original pleadings and arguments presented to the Court [but also because] . . . allow[ing] motions to reconsider offhandedly or routinely would result in an unending motions practice." Wiseman v. First Citizens Bank & Trust Co., 215 F.R.D. 507, 509 (W.D.N.C. 2003); accord, e.g., Coryn Grp. II, LLC v. OC Seacrets, Inc., No. WDQ-08-2764, 2011 WL 4701749, at *2 n.4 (D. Md. Sept. 30, 2011) (unpublished) ("Routine reconsideration of interlocutory orders would undermine judicial economy and respect for the finality of decisions.").

Under this standard, Defendant has failed to establish any basis for reconsideration of the denial of a protective order as to its claims manual-type materials and related forms. First, Defendant has not identified "an intervening change in controlling

-7-

law . . .[,] new evidence not available [earlier]," Pacific Ins., 148 F.3d at 403, or "'new evidence that could not have been obtained through the exercise of due diligence,'" Volumetrics Med. Imaging, 2011 WL 6934696, at *2 (quoting Duke Energy, 218 F.R.D. at 474). To the contrary, Defendant has cited no newly-issued controlling authority on point (see Docket Entry 115 5-11) and has relied on new evidence from one of its own employees regarding its own alleged policies and procedures (id. at 3-5), which it obviously had available previously, could have obtained through the exercise of due diligence, and could have presented in conjunction with its Motion for Protective Order, at the hearing on November 16, 2012, or at anytime before entry of the Memorandum Opinion, Order, and Recommendation on May 21, 2013.

Second, Defendant has failed to show "a clear error of law [, a need to] prevent manifest injustice," Pacific Ins., 148 F.3d at 403, or any "'obvious[] misapprehen[sion by the Court of Defendant's] position or the facts or applicable law,'" Volumetrics Med. Imaging, 2011 WL 6934696, at *2 (quoting Duke Energy, 218 F.R.D. at 474). Instead, Defendant simply "asks the Court to rethink its prior decision [and attempts to] present[] a better or more compelling argument that [it previously] could have presented,'" id. (quoting Hinton, 2011 WL 2142799, at *1 (internal citations and quotation marks omitted)). (See Docket Entry 115 at

5-11.)[2] In sum, no grounds exist for reconsideration of the denial of a protective order as to Defendant's claims manual-type materials and related forms.

The undersigned Magistrate Judge also declines to reconsider the recommendation of cost-shifting made in connection with Plaintiff's Motion for Sanctions (Docket Entry 63) and Renewed Motion for Sanctions (Docket Entry 90) (which requested case-dispositive sanctions). After carefully considering all of the arguments presented by Defendant as to the purported substantial justifications for its actions and the alleged injustice of any cost-shifting (see Docket Entry 115 at 11-14) (which arguments Defendant contends it did not make at the hearing on May 3, 2013, because it accepted the Court's offer of an opportunity for Defendant to revisit the limited production it made in response to the oral order issued on March 15, 2013 (see id. at 11)), the undersigned Magistrate Judge stands by the following conclusion:

> Defendant and its counsel unreasonably construed the oral order issued on March 15, 2013, regarding the scope of the production required from personnel files. A reasonable construction of that order would have led Defendant to include within its production some of the narrative material that Defendant redacted in toto.

---

[2] To the extent Defendant suggests (without citation to the Memorandum Opinion, Order, and Recommendation (Docket Entry 101)) that, in denying a protective order, the undersigned Magistrate Judge required proof that the material in question qualified as a trade secret (rather than simply confidential commercial information) (see Docket Entry 115 at 7), a review of the relevant portions of the Memorandum Opinion, Order, and Recommendation refutes that suggestion (see Docket Entry 101 at 6-26).

-9-

(Docket Entry 101 at 39.) As a result, the undersigned Magistrate Judge remains of the view that, although the relevant circumstances do not warrant the drastic sanctions demanded by Plaintiff, some cost-shifting should occur.

### III. CONCLUSION

Defendant has not presented proper grounds for reconsideration of the denial of a protective order as to its Litigation Manual, Core Skills Manual, Fraud Investigation Manual, Quality Assurance Standards, and related forms. Nor has Defendant offered arguments warranting reconsideration of the recommendation of cost-shifting (in lieu of the more serious sanctions requested by Plaintiff) in connection with Defendant's response to the oral order issued on March 15, 2013, requiring production of certain personnel file-related material.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Reconsider (Docket Entry 114) is **DENIED**.

                                      /s/ L. Patrick Auld
                                          **L. Patrick Auld**
                            **United States Magistrate Judge**
June 19, 2013